**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Clifford Lamar VASON, Defendant-Appellant.**

**No. 17-11378**
**Non-Argument Calendar**

United States Court of Appeals,
Eleventh Circuit.

(September 26, 2017)

Christopher P. Canova, U.S. Attorney's Office, Tallahassee, FL, Robert G. Davies, Randall Joseph Hensel, U.S. Attorney's Office, Pensacola, FL, for Plaintiff-Appellee

Clifford Lamar Vason, Pro Se

Before MARCUS, WILLIAM PRYOR, and MARTIN, Circuit Judges.

PER CURIAM:

Clifford Vason, proceeding pro se, appeals the district court's denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). After careful review, we affirm.

## I.

In 2005, Vason pled guilty to one count of kidnapping and transportation of persons in interstate commerce, 18 U.S.C. § 1201(a)(1), and one count of possession of a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(A)(i). He was sentenced to 181-months imprisonment.

In 2017, Vason filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). He argued that an amendment to the United States Sentencing Guidelines § 3B1.2 should allow him to receive a reduction to his guidelines sentencing range. The district court denied his motion, ruling it was "not authorized to reconsider a sentence relative to commentary in [§ 3B1.2]." This appeal followed.

## II.

We review de novo whether the district court has authority to reduce a sentence under 18 U.S.C. § 3582(c)(2). United States v. Melvin, 556 F.3d 1190, 1191 (11th Cir. 2009) (per curiam). Section 3582(c)(2) allows a court to modify a prison sentence if it was imposed "based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The applicable policy statement, contained in Guidelines § 1B1.10, allows courts to reduce prison sentences under 18 U.S.C. § 3582(c)(2) only if the guideline amendment is listed in Guidelines § 1B1.10(d). USSG § 1B1.10(a); see United States v. Melton, 861 F.3d 1320, 1326 (11th Cir. 2017).

Vason argues that his sentence should be reduced based on Guidelines Amendment 794, which addressed § 3B1.2. See USSG Suppl. to App. C, Amend. 794 (2015). However, Amendment 794 is not among the guideline amendments listed in § 1B1.10(d). Therefore, 18 U.S.C. § 3582(c)(2) does not allow Vason to be resentenced based on the change to Guidelines § 3B1.2 after his sentence was imposed.[1] See United States v. Armstrong, 347 F.3d 905, 907–08 (11th Cir. 2003).

**AFFIRMED.**

---

1. Vason also attacks his conviction for the first time on appeal based on the Supreme Court's opinion in Rosemond v. United States, 572 U.S. ——, 134 S.Ct. 1240, 188 L.Ed.2d 248 (2014). However, a court cannot review a conviction on a motion to reduce sentence under § 3582(c)(2). Cf. United States

v. Bravo, 203 F.3d 778, 782 (11th Cir. 2000) ("Section 3582(c) ... does not grant to the court jurisdiction to consider extraneous resentencing issues. [The Appellant] must instead bring ... a collateral attack on his sentence under 28 U.S.C. § 2255.").